Gourlay et ux. *v.* Phila. R. T. Co., Appellant.

Argued October 9, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*George H. Detweiler,* for appellant.

*J. Maurice Gray,* for appellees.

OPINION BY KELLER, J., December 12, 1930:

The issue between these parties is a narrow one.

On Christmas night of 1927 the plaintiffs were traveling on defendant's trolley car on their way to 52d Street and Lansdowne Avenue. When the car was about 150 feet distant from 52nd Street, it was blocked by traffic in the street, and without waiting for the traffic to move so that the trolley could arrive at or about the usual stopping place to receive and let off passengers, defendant's motorman in charge of the car,—it was a one-man car—, called, "All out for 52d Street" and opened the safety door in the front of the car which could only be operated by him. When plaintiffs in response to this got up and walked to the door, he said, "Step lively, please!" The wife plaintiff was the first to leave the car and as she alighted she stepped into a hole in the street two feet deep which she had not seen, although using reasonable caution in alighting.

The question is, may the jury find the defendant responsible for her injuries in the absence of any proof as to how long the hole in the street had been

there or that the defendant's employees knew of its being there. We think, in the circumstances here present, they may.

We are of opinion that the action of the defendant's employee in stopping the car and calling on those who intended to get off at the intersection of 52d Street and Lansdowne Avenue to alight at such a considerable distance from the lighted crossing and usual stopping place, apparently in order that the car might make up some of the time lost by the traffic jam or for some other purpose not disclosed by the evidence, imposed on him the duty of exercising care that the place so selected by him for the passengers to alight was a reasonably safe one. See McCollum v. Pittsburgh Rys. Co., 51 Pa. Superior Ct. 637, 641. If, for his own purposes or the purposes of the company, or, at least, moved by no compelling reason, he of his own motion invited the passengers who desired to get off at 52d Street and Lansdowne Avenue to alight at such a great distance from the usual well-lighted and safe stopping place for passengers, it may be a question under all the circumstances whether he has performed his full duty in the premises if he directs such passengers to alight there without making some examination as to the condition of the street at that point. Had he done so he would have found the hole into which the plaintiff fell.

Whether or not he exercised due care under the circumstances was for the jury. So was the question of the plaintiff's contributory negligence.

The judgments are affirmed.