## Amandeo et ux. v. City of Philadelphia et al.

*Chester N. Farr,* for motion; *Ralph B. Evans,* contra.

DAVIS, J., November 27, 1931.—In December, 1929, the plaintiffs brought suit against the City of Philadelphia, alleging that on July 16, 1929, whilst Anna Amandeo was in the act of alighting from a trolley car at Twelfth and Porter Streets, her foot went into a large hole or depression which existed near the west rail of Twelfth Street about twelve feet north of the north side of Porter Street. On October 2, 1931, the City of Philadelphia issued a writ of scire facias directed against John F. Ford, alleging that on May 17, 1929, the City of Philadelphia had granted a permit to Ford to repair a sewer lateral into premises No. 2442 South Twelfth Street, and that the said Ford dug a ditch or trench in the roadway of Twelfth Street, refilled the trench in an improper and unsatisfactory manner, and permitted the same to remain unguarded and unprotected; that the excavation into which plaintiff stepped or fell resulted from defective work done on the part of said Ford. On November 6, 1931, Ford, the additional defendant, issued a scire facias bringing in the Philadelphia Rapid Transit Company as additional defendant, alleging that it was either jointly or severally liable with Ford or solely liable to the plaintiff, by reason of the fact that the injury to the plaintiff was caused by the negligence of the Philadelphia Rapid Transit Company in stopping the car at a point at which it was dangerous for passengers to alight, and further alleging that the employees of the Philadelphia Rapid Transit Company should have known of the presence of the hole in the street.

This is a motion to quash the last writ issued by Ford against the Philadelphia Rapid Transit Company. Counsel for the Philadelphia Rapid Transit Company contends that the only defendant who is given the right under the Act of April 10, 1929, P. L. 479, is the original defendant. We cannot agree with this contention. The Act of 1929 is entitled "An act to regulate procedure where a defendant desires to have joined as additional defendants persons who he alleges are liable over to him, or jointly or severally liable with him, for the cause of action declared on." Section one provides that *"any defendant,* named in any action, may sue out, as of course, a writ of scire facias to bring upon the record as an additional defendant *any other person* alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued." (Italics ours.)

In Vinnacombe *v.* Philadelphia et al., 297 Pa. 564, it was said: "In construing it [the Act of 1929, P. L. 479], two things are plainly apparent: (1) The act is a remedial one. Its purpose is to avoid a multiplicity of suits; to compel *every interested person* to appear and defend the action by plaintiff." (Italics ours.)

It may be under proofs presented upon the trial of the cause that the rapid transit company would be liable for the injuries sustained by the plaintiff: Gourlay *v.* P. R. T. Co., 100 Pa. Superior Ct. 419. To deny a defendant's right to issue a writ of scire facias alleging the liability of an added defendant would defeat the intent and purpose of the act of assembly.

The motion to quash the writ of scire facias is overruled.