# Mahoney *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Passengers—Open summer cars—Protection of passengers—Running chains.*

In an action by a passenger against a street railway company to recover damages for personal injuries sustained while alighting from a car, it appeared that the defendant operated open summer cars on a double-track railway. These cars were equipped on both sides with short chains running from post to post inclosing the ends of the passageway between the seats. The chains were ordinarily left hanging down, and were only put up and into use when the tracks approached each other in the center of the highway, and it was necessary to protect passengers from descending on the left-hand side of the car, and being run over by cars on the other track. It was not shown that the chains were used for any other purpose, or that

they were ever put up on the right hand-side to protect passengers from danger on the highway. At the time of the accident the car in which plaintiff was riding was stopped in such a position that a portion of the car extended along a ditch or gutter on the right-hand side of the roadway. Plaintiff attempted to alight immediately opposite the place where she had been sitting, and fell into the ditch. If she had moved a step or two along the running board she could have alighted safely. The negligence alleged in the statement of claim was the improper stopping of the cars at the point in question. The trial judge eliminated this ground as a question in the case, and of his own initiative left it to the jury to determine whether it was or was not negligence to fail to use the chain on the right-hand side of the car at the point in question. *Held*, that a judgment for plaintiff should be reversed.

MESTREZAT, J., dissents.

Argued Jan. 18, 1906. Appeal, No. 220, Jan. T., 1905, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1904, No. 1,330, on verdict for plaintiff in case of Jeremiah F. Mahoney and Catharine M. Mahoney, his wife, v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SULZBERGER, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict for Catharine M. Mahoney for $3,500 and for Jeremiah F. Mahoney $853. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *Thad. L. Vanderslice*, for appellant.—That defendant is not responsible for the peculiarities of the road upon which a passenger alights from a street car, was decided by this court in Keator v. Scranton Traction Company, 191 Pa. 102. See also Scanlon v. Philadelphia Rapid Transit Co., 208 Pa. 195; Bland v. Roxborough, etc., Ry. Co., 13 Pa. Superior Ct. 93.

*John A. Ward*, for appellee.—While the failure to stop even with the platform may not have been negligence, the misleading of plaintiff by the warning chains on the safe side, so that

she alighted from the unsafe side, was undoubtedly a fact to be submitted to the jury, and they have found by their verdict that it was negligence: Philadelphia City Passenger Ry. Co. v. Hassard, 75 Pa. 367.

OPINION BY MR. JUSTICE POTTER, February 26, 1906:

The defendant company in this case operated a system of double-track electric railway upon the old York road. At certain points the tracks are laid close together, in the usual way, in the central part of the road, while at other places they diverge and occupy the sides of the highway, and at such points the central portion of the road is left as the main driveway for other vehicles.

Open summer cars were in use upon the railway at the time when the accident occurred. As is well known, passengers enter and leave these open cars by means of a running board extending along the sides. Wherever the double-track system is in use it is a matter of common observation that means are used to prevent passengers from leaving the cars upon the left-hand side, as they would thereby be put in danger from a car approaching upon the opposite track. For this purpose a sliding bar running the length of the car is sometimes used, or short chains running from post to post and closing the ends of the passageway between the seats, answer the same purpose. In the present case such chains were employed. As the cars are reversible, bars or chains are provided for both sides of the car, but the side left open for the use of the passengers is, naturally and properly, the right-hand side of the car, that being nearest the sidewalk wherever double tracks are laid.

On the evening of September 20, 1903, after dark, one of the defendant's cars, south bound, upon which the plaintiff was riding, stopped at a point known as Seventieth avenue. There was a ditch or gutter at the side of the roadway at that point, across which a bridge had been thrown. In coming to a standstill the motorman did not bring the rear of his car quite even with the end of the bridge. But this fact was apparently not noticed by Mrs. Mahoney, for, instead of taking a step or two along the running board, she attempted to alight immediately opposite the place where she had been sitting, and consequently stepped into the ditch and was injured.

The negligence complained of at the trial was not the failure of the motorman to bring the rear of his car to a point even with the end of the bridge, for it was conceded that, for the purposes of this case, the defendant company could not be held guilty of negligence in thus stopping the car, and this question was entirely eliminated from the case by the trial judge. He said to the jury : " If the car for any reason had its head at the middle of that platform, a man could not complain because he could not get into the back seat from the bridge ; and, moreover, he could not complain about getting off. There was no duty upon the company to align its car with that bridge." But the learned judge went on to say to the jury that the only contingency upon which he could see that the plaintiff had any right to recover was, that the defendant company might be found guilty of negligence in failing to put up the chains upon the right-hand side of the car where the plaintiff got off. He seemed to think that some duty rested upon the company to make use of a chain at that particular time and place, to deter the plaintiff from getting off upon the right-hand side of the car. We are not able to find in the evidence anything upon which to base the suggestion that the chains, as provided by the company, had any other purpose than that of guarding passengers against the danger of being struck by a car coming from the opposite direction, while attempting to alight from the left-hand side. The theory advanced by the court was that the unused chains on the right-hand side of the car should have been put at the moment to a new use, and one not contemplated or intended by the company. This suggestion seems to have originated with the learned trial judge, as no mention of the use of the chains in any way whatever is made in the statement of claim filed on behalf of the plaintiff. Nor is there any intimation therein that the defendant company was guilty of any negligence in failing to interpose the chain as a means of deterring passengers from alighting on the right-hand side of the car.

The act of negligence charged in the declaration is that of stopping the car when the forward part only was opposite or even with the platform, while the rear part of the car was yet opposite the ditch. But, as we have already pointed out, the trial judge declined to submit the case to the jury under this

allegation. The only thing which he left to the jury to decide was whether or not what he termed the " unsafe side " had the chains down, and that therefore a warning which should have been supplied was lacking. But clearly, under the evidence, the right-hand side of the car cannot be deemed an unsafe side from which to alight. Under ordinary circumstances it is obviously the safe and prudent thing for a passenger to leave the car upon the right-hand side. At the time of the accident, and under the particular circumstances, it was perfectly safe for the passengers to alight from all of the seats in front of that occupied by the plaintiff. If she had taken a single step forward before stepping from the running board, she would have alighted in safety. If there was any duty upon the defendant company under the circumstances, it would have been that of giving warning at the precise moment of leaving the car. To this end no chain was necessary, as a simple word from the conductor would have been all that was required. The chain was not intended for any such momentary purpose. Any such use of it would have required that it be put up just before the car stopped, and kept in place until the car passed this particular point. We do not find anything in the evidence to justify the theory that the chains were intended to be opened and closed opposite each row of seats from time to time, as a means of warning passengers against alighting at places where irregularities in the surface of the roadway may have existed. This was manifestly not the purpose for which the chains were supplied ; their office was a more permanent one, and was to prevent passengers from dismounting upon the side next to the adjoining track, with the attendant peril of stepping in the way of another car.

As the case was submitted to the jury only upon a theory as to the use of the chains, which was neither suggested nor charged as negligence in the statement of claim, and was not supported in any way by the evidence, the specification of error is sustained and the judgment is reversed and is here entered for the defendant.

MESTREZAT, J., dissents.