# Rist *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Passenger alighting from car—Presumption.*

In an action against a street railway company by a passenger to recover damages for personal injuries sustained by plaintiff while alighting from a car at a usual stopping place, which was in an unsafe and dangerous condition, no presumption of negligence on the part of defendant arises from the mere happening of the accident. The burden is upon the plaintiff to prove negligence, and an instruction to the contrary is reversible error.

Argued March 19, 1912. Appeal No. 14. Jan. T., 1912, by defendant from judgment of C. P. No. 2, Phila. Co., Dec. T., 1909, No. 835, on verdict for plaintiff in case of Josephine E. Rist v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned,* among others, was answer to defendant's point quoted in the opinion of the Supreme Court.

*Bernard J. O'Connell,* for appellant.—The plaintiff on whom was the burden of proof, furnished no evidence whatever to substantiate the negligence charged: Beck v. B. & O. R. R. Co., 233 Pa. 344.

*Maurice V. Daniels,* for appellee.

Opinion by Mr. Justice Stewart, April 29, 1912:

The plaintiff received her injuries while alighting at night-time from the car in which she had been a passenger. The car, upon the plaintiff's signal, had come to a full rest at the accustomed place of stopping, the intersection of two streets. In descending from the step of the car she stepped into a depression on the street which caused her to fall upon a pile of paving blocks immediately before her. The negligence complained of was plaintiff's discharge from the car at a point where the street was in an unsafe and dangerous condition. There was evidence that extensive alterations and improvements in connection with the change of grade of the street at that point had been in progress for some time previous, and that when this accident occurred, and at the place where it did occur, the street was in a bad and unsafe condition. The case was submitted to the jury, and resulted in a verdict for the plaintiff. That it called for a submission is, we think, clear. Error is complained of in the manner of its submission, and it is only necessary to advert to the one assignment which challenges its correctness. On behalf of the defendant company this point, among others, was submitted: "No presumption of negligence on the part of defendant company arises by reason of the fact that the plaintiff had been a passenger upon its car and was in the act of alighting under the circumstances of this case." The learned trial judge answered the point as follows: "The circumstances of this case require that I should decline to affirm that point, and I so do." The point should have been unequivocally affirmed. The mere happening

of this accident under the circumstances did not raise any presumption of negligence on the part of the company. The cause of the accident as charged was failure on part of defendant company to provide a safe place at this accustomed stopping point for the discharge of passengers. The burden of showing negligence in this regard, and that such negligence was the proximate cause of plaintiff's injuries, was upon the plaintiff. In answer to another and later point, the learned trial judge did say, "that the burden is upon plaintiff to establish that her alleged injuries were received in consequence of some act of negligence on the part of the defendant company;" but, so far as this instruction conflicted with the answer to the earlier point, it left the jury without any positive instructions as to the law of the case.

The first assignment of error must be sustained, and the judgment is accordingly reversed, and a venire de novo awarded.