Opinion by
Henderson, J.,
The three assignments of error apply .to the appellant’s single proposition that the plaintiff’s evidence did not make out a case of negligence. The undisputed testimony is that Mrs. McCollum was injured in alighting from the car or immediately thereafter, and the jury has found that the. injury was attributable to the negligence of the conductor in stopping the car- at an unsafe, place beyond the crossing at which the plaintiff supposed she was alighting. The substance of the evidence in. support of the action is that the plaintiff in returning from the exposition to her home was riding on an open car of the defendant along Chartiers. avenue; the time was about eleven o’clock in the evening and the night was dark and stormy and a heavy rain was falling; the plaintiff desiring to alight at American avenue which crosses Chartiers avenue at right angles gave timely notice to the conductor and the latter announced American avenue and the car was stopped at what she believed was the American avenue stopping place but which was in fact beyond American avenue and nearly in the middle of the next block; in alighting from the car she stepped onto a pile of building stone lying along the street curb; she did not see the stone on account of the darkness and because of the fact that she had just left the lighted car; *640 the pile of stone was nearly as high as the running board and about a foot from it; Mrs. Farman and her daughter who accompanied the plaintiff stepped off the same part of the car from which the plaintiff alighted onto the pile of stone and the daughter fell; the stone pile had been there for about a week and the defendant’s employees had seen it. The' case does not depend on the testimony of the plaintiff alone but is strongly corroborated by Mrs. Farman and her daughter. The testimony of the plaintiff was somewhat inconsistent and perhaps contradictory and the appellant relies on this fact to sustain the appeal, but the inconsistencies of her evidence are not conclusive against her. She testified positively in one part of her examination that she stepped onto the stones and fell back; that they were foundation stones and that one of them slipped. On cross-examination she stated at one time that she was not sure whether she stepped on a stone or on the curb and that she could not see the stone onto which she stepped. If the case stood on her evidence alone the statements of the witness if apparently inconsistent could not be disposed of by the court. Her testimony would still be for the jury who saw her, observed her manner of testifying and could best judge of the truthfulness of her statements. She was nervous and inexperienced and these were considerations to be regarded in arriving at a proper understanding of the meaning of the witness. It is a well-established rule that when on one part of the testimony of the witness the plaintiff is entitled to go to the jury while on another part he is not, or when the different parts of the testimony of the witness are apparently inconsistent leaving it uncertain just what his recollection of the facts with respect to which he testifies is, it is the province of the jury to reconcile the conflicting statements and say which shall prevail: Strader v. Monroe, 202 Pa. 626; Meitzner v. B. & O. R. R. Co., 224 Pa. 352; Danko v. Pitts. Rys. Co., 230 Pa. 295; Smith v. Jackson Twp., 26 Pa. Superior Ct. 234. When, however, the plaintiff’s testimony is read in connection *641 with that of the witnesses who were with her at the time she was hurt evidence is presented which, if believed by the jury, justified the conclusion that the plaintiff supposed she was alighting at the street crossing, whereas the motorman ran the car some distance into the next block and stopped opposite the pile of stone and that the passengers alighting from the car stepped onto this obstruction, two of them falling down in doing so, and that in the darkness they did not see the stones. If, as the plaintiff shows, the conductor called out the American avenue crossing and permitted the passengers to alight at a place which was not a stopping place and in close proximity to the stone pile onto which the passengers would naturally step in getting off the car and it was so dark that they were not able to discover the condition of the place upon which they alighted the jury might well find a case of negligence. It is true there were material contradictions of the plaintiff’s case, one of which was that the car did not run beyond American avenue when it was stopped, but it does not seem to be denied that the stop was not at the regular stopping place, the motorman giving as an explanation of the fact that he ran across the street without stopping, that a large volume of water was flowing down the street making it impracticable to discharge the passengers at that point.' It does not seem to be denied that the pile of stone was alongside the car at the place where it was stopped, but the defendant alleges that the stones were several feet from the place where the plaintiff alighted and that if she fell it was because she slipped on some small stone of the presence of which the defendant had no. knowledge and for which it was in no way responsible. The court could not say, however, in view of all the testimony in the case that it was clear that the plaintiff was not hurt in the way described by her and her witnesses. The jury alone was competent to decide the case on the questions of fact necessarily involved.
We are of the opinion, thereafter, that the judgment must be affirmed.