# Perret et ux., Appellants, *v.* George et al., Receivers.

*Negligence—Street railways—Passenger—Alighting from car— Hole in street—Obvious danger.*

1. A passenger who is injured, when alighting from a street car by stepping into a hole in the street, cannot recover damages from the railway company, where it appears that the company was not in any way responsible for the condition of the street.

2. In such case the municipality and not the street railway company is responsible, if the injury resulted from the condition of the street.

3. It is only in exceptional cases arising under contract, that a street railway company is responsible for accidents occurring in the cartway of a street through lack of repair.

222 PERRET et ux., Aplnts., *v.* GEORGE et al., Receivers.

4. Street railway companies are not required to observe the condition of the streets over which its cars travel, so as to stop their cars with exactness at places where passengers may avoid ordinary defects in the highway while alighting; but they must not stop the cars at places manifestly dangerous.

5. The duty of stopping at a safe place to alight, does not embrace the obligations of protecting the passenger from any defect in the highway between the car and curb.

Argued March 17, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 21 and 22, March T., 1926, by plaintiffs, from judgments of C. P. Allegheny Co., Oct. T., 1923, No. 819, for defendant n. o. v., in case of Fred Perret and Violet Perret, his wife, v. W. D. George et al., Receivers of the Pittsburgh Railways Co. Affirmed.

Trespass for personal injuries of wife. Before CAR-PENTER, J.

Verdict for Fred Perret for $1,500 and for Violet Perret for $1,500. Judgments for defendant n. o. v. Plaintiffs appealed.

*Errors assigned* were judgments n. o. v., quoting bill of exceptions.

*Thomas M. Marshall,* with him *R. P.* and *M. R. Marshall,* for appellants.—There was definite evidence as to the place where Mrs. Perret fell and as to the size of the hole which caused her to fall.

The plaintiff was not guilty of contributory negligence: Powell v. Wilhelm, 49 Pa. Superior Ct. 269; Becker v. Phila., 212 Pa. 379; Mack v. Rys., 247 Pa. 598.

A street car company is obliged to furnish its passengers a safe place to alight: McCollum v. Rys., 51 Pa. Superior Ct. 637.

*William A. Challener,* for appellee, cited: Scanlon v. Traction Co., 208 Pa. 195; Bean v. Phila., 260 Pa. 278; Lerner v. Phila., 221 Pa. 294; Lane v. Dickinson, 276 Pa. 306.

OPINION BY MR. JUSTICE KEPHART, April 12, 1926:

Mrs. Perret was injured, when alighting from a street car, by stepping into a hole in the street. She says she was prevented by people in front of her from seeing the hole until in the act of stepping from the car, when it was impossible to stop her descent. It was daylight, the accident occurred at noon and there was no occasion to disregard the ordinary precautions of safety. The car passed a short distance beyond the usual stopping place, at the intersecting street, because of a building operation at the corner.

The hole into which appellant stepped was in the public highway, a thoroughfare over which defendant had no control, was not in any way responsible for, and had no authority to repair, if needed. However broadly and strictly we may have held street railways to care in receiving and discharging passengers, where the company owns or controls the right-of-way with the approaches thereto, the rule is different where such right-of-way and approaches are not so owned. In the latter case, there is a permissive use of the street in common with others, without any control of it. The public officers were in authority, and the municipality is responsible for the street's condition if an injury results therefrom: Scanlon v. Phila. Rapid Transit Co., 208 Pa. 195, 197. It is only in exceptional cases arising under contract that a street railway company is responsible for accidents occurring in the cartway of a street through lack of repair.

Street car companies are not required to observe the condition of streets over which its cars travel so as to stop their cars with exactness at places where passengers may avoid ordinary defects in the highway while

alighting. To require otherwise would be to exact of such carriers a degree of care not consistent with efficient public service and would impose an obligation impossible of performance, considering the condition of some of the highways of to-day. Street car companies, of course, cannot stop their cars for persons to alight at places manifestly dangerous, as where the car door opens to the side of a street immediately adjacent to an embankment or as in McCollum v. Pitts. Rys. Co. (No. 1), 51 Pa. Superior Ct. 637. Here, the stop was made on an improved public highway, a place supposed to be reasonably safe; the passenger had, in legal contemplation, ceased to be a passenger when she stepped to the street. To hold, under such circumstances, that the duty of stopping at a safe place to alight embraced the obligation to avoid any defect in the highway, between the car and the curb, would cause the company to be liable as an insurer of the safety of a pedestrian in coming from or going to a car. If there was responsibility for the accident, it was the municipality's not appellee's. The case failed because defendant's negligence was not shown.

Judgment affirmed.