## Scherer, Appellant, *v.* Philadelphia Rapid Transit Co. et al.

Argued September 27, 1928. Before FRAZER, WALL-ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William Charles Brown,* for appellant, cited: Thorne v. Transit Co., 237 Pa. 20; McCollum v. Rys., 51 Pa. Superior Ct. '637; Rist v. Transit Co., 236 Pa. 218.

*Lemuel B. Schofield,* with him *John J. K. Caskie,* for appellees, cited: Low v. Rys., 290 Pa. 365; Perret v. George, 286 Pa. 221; Myers v. R. R., 150 Pa. 386; Bernstein v. R. R., 252 Pa. 581.

OPINION BY MR. JUSTICE KEPHART, November 26, 1928:
Plaintiff was injured upon alighting from defendant's car. At the time of the accident, Arch Street, in Phila-

delphia, was torn up for some distance to permit defendant to relay rails and the city to repave. The excavation and the relaying of the pavement was done by an independent contractor, while defendant itself relaid its rails. In digging the trench for the rails and ties, it was necessary to excavate beyond the ties. This was done to a width of 19 inches from the rails, and a depth of about 14 inches. During the operation, the earth was left solid under the edge of the pavement that formed the surface of the street. In other words, it was not disturbed by the digging. A car in passing through the work would cover much of the trench beyond the ties.

As the car on which plaintiff was riding approached 13th Street over the work, it stopped about fifty feet from the crossing to discharge passengers, being prevented from reaching the usual stopping point by another car. When the conductor opened the middle door, the lowered step hung ten and a half inches over the undisturbed surface of the street. Plaintiff stepped off the car about six inches beyond this. As the weight of her body was communicated to the paving, it and the earth beneath gave way, according to her story, and she fell to the ground, receiving serious injury.

An action for damages was instituted and the railway company was charged with a failure to provide a safe place on which to alight. She recovered a verdict and on motion for judgment n. o. v., the verdict was set aside and judgment entered for defendant; the case is now here on appeal.

The controversy hinges on the question as to whether the car stopped at an obviously dangerous place. As stated by this court in Low v. Harrisburg Rys. Co., 290 Pa. 365, 370, street car companies do not have fixed stopping places, and cannot be expected to come to a stand with exactness each time at the same point where passengers are discharged. "The mere stopping at an unusual place does not prove negligence......It cannot discharge passengers at known dangerous places......,

but it may properly permit them to alight if there is no reason to anticipate harm, though the car has gone beyond the ordinary point." See Perret v. George, 286 Pa. 221.

While plaintiff's testimony shows the trench 14 to 24 inches deep, no proof was given that the earth was not solid up to the edge of the excavation. When defendant's car approached, the motorman had plain vision and could see the condition of the trench near the end of the ties. He saw that the earth was solid underneath the paving. This was not an obvious danger, and he had no reason to suspect it might give way when stepped on, particularly when the step was down, as it was protected by a shoulder of more than a foot of solid material underneath; nor would the fact that the company had placed ties at the street crossing between the tracks and the embankment show that a cave-in was anticipated. The depression would naturally be made safe for pedestrians crossing the street. There is nothing to show that the ties were placed there to protect the bank or the remainder of the street so that it might not give way in the course of the use made of it. We suspect the true statement of affairs comes from an eye-witness who stated plaintiff's heel caught in the roadway, causing her to fall after leaving the car, while walking toward the sidewalk. No evidence was introduced to show the blocks actually fell in, beyond the uncorroborated statement of the plaintiff that "they must have." However this may be, there is nothing in this record which shows defendant guilty of any negligent act.

The judgment of the court below is therefore affirmed.