Gerlach et ux. *v.* City of Philadelphia et al., Appellant.

402

Argued September 29, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Philip Price,* and with him *Bernard J. O'Connell,* for appellant.

*Maurice A. Granatoor,* for appellees.

Opinion by Trexler, P. J., November 20, 1931:

We quote from the opinion of the lower court:

"The plaintiff was a passenger in a trolley car owned and operated by the Philadelphia Rapid Transit Company. The trolley car was proceeding southwardly along Twelfth Street approaching the intersection at Jackson Street. The plaintiff had not used that line for several months prior to the accident and was not familiar with the condition of the street."

"It appears from the evidence that Twelfth Street was being repaired at that point. The cobble stones were being removed and the tracks relaid. A trench was dug along the west rail of the tracks and the Belgian blocks removed along that rail leaving an open space varying in width and depth according to the testimony of the witnesses. The street was obviously in a dangerous condition."

"The plaintiff carrying a child in her arms was about to leave the trolley car. As she was so leaving she saw that the cobble stones were piled up on the street, but she could not see the ditch alongside the trolley rail because of the angle of vision. The overhang of the trolley car obstructed the view of the trench from any person who may have been alighting from the car. But the trench itself extended beyond such overhang."

The above facts are supported by testimony. The court concludes that the street was in such "an obviously unsafe and dangerous condition as to impose a duty upon the transit company to provide a reasonably safe place for passengers to alight."

It is only in exceptional cases where the street car railway company is responsible for accidents occurring in the cartway of the street through lack of repair: Perrett v. George, 286 Pa. 221. There is no doubt about it that if this woman had alighted from the car and had been injured in her progress between the place

where she alighted and the curb, the company would not have been liable. The accident occurred in the very act of getting off the car and we think that this differentiates the present case from those upon which the appellant relies. The street car company did not have a fixed stopping place and cannot be expected to come to a stand with exactness each time at the same point when passengers are discharged: Scherer v. P. R. T., 295 Pa. 199. Citing Low v. Harrisburg Rys. Co., 290 Pa. 365, 371: "The mere stopping at an unusual place does not prove negligence...... It cannot discharge passengers at known dangerous places......, but it may properly permit them to alight if there is no reason to anticipate harm, though the car has gone beyond the ordinary point." It is the duty of the company to not only carry passengers safely, but to afford them an opportunity to alight and pass out of danger: Lyons v. Pittsburgh Rwy. Co., 301 Pa. 499.

"The negligence complained of was plaintiff's discharge from the car at a point where the street was in an unsafe and dangerous condition. There was evidence that extensive alterations and improvements in connection with the change of grade of the street at that point had been in progress for some time previous, and that when this accident occurred, and at the place where it did occur, the street was in a bad and unsafe condition. The case was submitted to the jury, and resulted in a verdict for plaintiff. That is called for a submission is, we think, clear": Rist v. P. R. T. Co., 236 Pa. 218, 219.

In the present case, the existence of the trench was obvious to those who were in charge of the car. The testimony was that the car stopped approximately twenty feet from Jackson Street. There is some confusion as to this, but according to some, there was a safe place to alight twenty feet ahead of the car on

Jackson Street. It seems to be undisputed that there were ties laid on Jackson Street to allow the passing of vehicular traffic and the question arises whether the street car should have stopped there and discharged the passengers instead of stopping at the place it did. As was stated by the court in the above quotation taken from its opinion, the overhang of the car prevented the alighting passenger from seeing the trench. She saw the torn up condition of the street, but it was for the jury to decide whether she was required to take knowledge of the fact that there might be a trench. In the cases relied upon by the appellant there are features distinguishing them from the present case.

In Scherer v. P. R. T., 295 Pa. 199, the passenger was sixteen inches away from the edge of the trench when the earth gave way under her weight. The court held that the conductor could not anticipate that such a thing could happen.

In Perrett v. George, 286 Pa. 221, the hole into which the plaintiff stepped was in the highway between the car and the curb and a good distance away from the car.

In Low v. Harrisburg Railway Co., 290 Pa. 365, plaintiff caught her heel in a rail of the track. The rail was properly constructed and the danger was obvious to anyone who looked.

In Sligo v. P. R. T. Co., 224 Pa. 135, the plaintiff had the option of alighting from either side of the car. She selected the side which led to a ditch. There was unobstructed vision and sufficient light to see the condition of the road and the defendant was not considered negligent.

In Mahoney v. P. R. T. Co., 214 Pa. 180, the car stopped at a landing place which happened to be a bridge, but a portion of the trolley car was not flush with the bridge but extended a little beyond. The court

held that the plaintiff should have taken the step forward and gotten off on the bridge.

We repeat, the trench was so situated that the passenger could not see it. It was so close to the spot upon which the defendant alighted that the inference could be drawn that the company was negligent in stopping at such a place to discharge its passengers, and that a safer place was available. We think the matter was for the jury and the judgment should not be disturbed.

The judgment is affirmed.