O'Malley, Appellant, *v.* Laurel Line Bus Co.

Argued April 12, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*W. L. Pace,* with him *W. A. Corcoran,* for appellant. —If the defendant's negligence concurred with some other event (other than plaintiff's fault) to produce the plaintiff's injury so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time: S. S. Passenger Ry. v. Trich, 117 Pa. 390; Smith v. T. & L. Co., 282 Pa. 511.

When a passenger is negligently carried beyond the station where he intended to stop and where he had a right to be let off, and discharged in an unusual and un-

safe place, without his knowledge, and suffers injury as a direct consequence of the wrong done him by the carrier, the latter is answerable in damages for the injury so inflicted: R. R. Co. v. Aspell, 23 Pa. 147; Sweigart v. Shreiner, 14 Pa. D. & C. 436; Brooks v. Ry. Co., 218 Pa. 1; Englehaupt v. R. R. Co., 209 Pa. 182; Lyons v. Rys. Co., 301 Pa. 499; Miller v. R. R., 290 Pa. 131; Hughes v. Traction Co., 300 Pa. 55.

The question of proximate cause was for the jury: Welser v. U. G. Imp. Co., 304 Pa. 227; McCollum v. Rys. Co., 51 Pa. Superior Ct. (No. 1) 637.

*C. B. Lenahan,* with him *Evan C. Jones,* for appellee. —There is no testimony to show that the place of discharge was in any way dangerous: Low v. Rys. Co., 290 Pa. 365; Keller v. Rys. Co., 149 Pa. 65; Perret v. George, 286 Pa. 221.

The injury was the direct result of an independent agency: Hoag & Alger v. R. R. Co., 85 Pa. 293; Schaeffer v. Twp., 150 Pa. 145; Mars v. Transit Co., 303 Pa. 80; Stone v. Phila., 302 Pa. 340; Bruggeman v. York City, 259 Pa. 94; Ry. Co. v. Trich, 117 Pa. 390; Kosson v. Power Co., 293 Pa. 131.

OPINION BY MR. JUSTICE SIMPSON, May 22, 1933:

Plaintiff appeals from a judgment entered in favor of defendant, under the authority of the Act of April 20, 1911, P. L. 70, after the jury had been discharged because of their failure to agree upon a verdict.

The judgment must be reversed. As it could only have been the result of a finding by the court below that the evidence in the case and the inferences therefrom, even when taken together in the light most favorable to plaintiff, would not justify a verdict and judgment in his favor, we must, in reviewing the conclusion reached, look at the case from the same viewpoint. Thus considered, the evidence may be epitomized as follows: About midnight of November 24, 1928, plaintiff and two compan-

ions became passengers for hire in a motor bus of the public service company defendant. The place for entrance and exit was at the forward part of the bus, the door being opened and closed by a lever under the control of the motorman. The night was so dark and stormy that plaintiff and the other passengers could not, by looking through its windows, determine the location of the bus at any given time, but the motorman had a windshield wiper in operation which enabled him, by the aid of the headlights, to see not only where the bus was in relation to the sidewalk, but also to locate the intersecting streets where it was expected to stop to receive and discharge passengers. After the bus had left its immediate preceding stop, plaintiff told the motorman that he and his companions desired him to let them off at McAlpine and Main Streets, which was the next stopping place, and he said "All right, I will." When the bus next stopped, plaintiff and his companions arose and moved forward; the companions passed through the door, which was opened by the motorman, and got safely to the footway. Plaintiff, however, was delayed in paying their fares, and when he had done this, he also stepped off. As he started towards the sidewalk, he was struck almost immediately by an automobile traveling in a direction opposite to that of the bus. At the time plaintiff alighted, the bus was some 250 feet from the place where the motorman had said he would let plaintiff off, and instead of being on the right-hand side of the street, as admittedly it should have been, was in the center thereof, and instead of being at the curb, where the motorman admits it usually was when passengers were to be discharged, it was about sixteen feet therefrom. The motorman did not advise plaintiff of either of these facts, nor, owing to the character of the night and the location of the bus, did plaintiff know of either of them.

It is clear that defendant was guilty of negligence. "A common carrier for hire owes to its passengers the highest degree of care and diligence in carrying them to

their destination and [in] enabling them to alight safely" (Hughes v. Pittsburgh Transportation Co., 300 Pa. 55) and to avoid any possible danger while doing so: Lyons v. Pitts. Rys. Co., 301 Pa. 499. It is the duty of a carrier of passengers to set them down at the terminus of their journey, and to afford them a sufficient time to alight in safety. If for any cause the carrier makes its stop short of or beyond the point where it knows the passenger desires to alight, it should give him notice of the fact before he attempts to leave the car, and a failure so to do is a violation of duty for which the carrier may be held responsible: Englehaupt v. Erie R. R. Co., 209 Pa. 182. If the person in charge of a car used for the carriage of passengers for hire, knowingly permits one of them to get off the vehicle at a dangerous place, which is not the usual stopping place, and the dangerous character of which the passenger could not see and did not know, the carrier will be liable for the resulting injuries, if any, to the passenger: McCollum v. Pitts. Rys. Co. (No. 1), 51 Pa. Superior Ct. 637, 641. The conclusion stated in those cases does not seem to be disputed, but the court below held, and defendant contends here, that the proximate cause of the injury to plaintiff was the negligence of the driver of the automobile that struck him, and hence defendant cannot be held liable.

The rule that the person proximately responsible for an injury is answerable in damages therefor, and the one only remotely responsible is not, though sometimes resulting in great injustice, is nevertheless well settled; but it must not be stretched to include situations not fairly within its purview. If two or more negligences are existing at the time of an injury and concur in producing it, the fact that one preceded the other slightly in point of time is a matter of no moment, and the rule as to concurrent negligence, under which both the parties are held jointly and severally liable, and not that of proximate and remote cause, will be applied. This we decided in Hughes v. Pittsburgh Transportation Co., 300

Pa. 55. There, as here, the suit was by the passenger against the carrier, the defense of proximate cause was attempted to be interposed and the same authorities were invoked to establish the carrier's claim to be relieved from liability. We held that, under such circumstances, "the subject of proximate cause need not be considered," saying (page 60) : "It suffices, as stated in the cases above cited by us, that where there would have been no injury whatever but for the continuing negligence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent, and both defendants are jointly and severally liable for the injuries thereby occasioned."

Though more directly ruled in the case last cited, the point here involved has been decided in a number of our other opinions. In Burrell Twp. v. Uncapher, 117 Pa. 353, 363, we said: "If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, *and both circumstances are closely connected with the injury in the order of events,* the defendant is responsible, even though his negligent act was not the nearest cause in the order of time." This conclusion is approved in Cameron v. Citizens Traction Co., 216 Pa. 191, 194: Loughlin v. P. R. R. Co., 240 Pa. 174, 178; Siever v. Pittsburgh, C., C. & St. L. Ry. Co., 252 Pa. 1, 10, and Smith v. Reading Transit & Light Co., 282 Pa. 511, 516. Low v. Harrisburg Rys. Co., 290 Pa. 365, 370, greatly relied on by defendant, was so decided because "The plaintiff was not discharged at an obviously perilous point." Here, plaintiff *was* discharged at an "obviously perilous point."

The judgment of the court below is reversed and a venire facias de novo is awarded.