## Murtha et ux. *v.* Philadelphia, Appellant, et al.

Argued October 7, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

412

*Israel K. Levy,* and with him *I. G. Gordon Forster* and *John J. K. Caskie,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellant.

*Layton M. Schoch,* with him *Bernard J. O'Connell,* for appellee.

Opinion by Parker, J., March 4, 1938:

The questions involved in this appeal concern the right of one tort-feasor to recover from another alleged tort-feasor contribution for the amounts of verdicts recovered by the plaintiffs against the former and paid by it.

The plaintiffs on November 7, 1928 brought an action in trespass against the city of Philadelphia to recover damages arising from injuries suffered by the wife plaintiff when in leaving a street car of the Philadelphia Rapid Transit Company she stepped in a hole in the cartway of a public street. On January 30, 1932, more than two years after the date of the accident, the city caused a scire facias to be issued under Act, April 10, 1929, P. L. 479, as amended by Act, June 22, 1931, P. L. 663 (12 PS 141) to bring the transit company on the record as an additional defendant. It was alleged in the praecipe for the scire facias that the transit company was liable over to the city for the whole sum that might be recovered against it by reason of the facts that the transit company by "its employees, agents and servants stopped the said car in front of premises 108 No. 19th Street, Philadelphia, and permitted the

said plaintiff to alight therefrom at a point in the roadway which is alleged to have been in a dangerous and unsafe condition by reason of a hole or cave-in in the said street," and "that at the time of her discharge from the said trolley car the said additional defendant, its employees, agents and servants knew and were in a position to see the alleged unsafe and dangerous condition of the roadway; failed to warn her before alighting from said car of the alleged unsafe and dangerous condition, and failed to provide her with a reasonably safe place to alight from said car." It was further alleged that the defendant was primarily responsible for the damages sustained by the plaintiffs.

The transit company in an answer to the scire facias denied all of the allegations of negligence and denied that it was liable either directly to the plaintiffs or to the original defendant in the event of recovery by the plaintiffs of a judgment against the city. The transit company was permitted to amend its affidavit of defense and plead the statute of limitations. On trial of the issues the plaintiffs recovered verdicts against the city alone. At the direction of the trial judge a verdict was rendered for the transit company on the ground that the statute of limitations prevented any recovery by the city against the additional defendant. The city filed motions for a new trial and judgment n. o. v. in the issues between it and the plaintiffs and between it and the additional defendant. The motions with respect to the plaintiffs were overruled. Judgments were entered and on appeal by the city to this court (112 Pa. Superior Ct. 426, 171 A. 399) were affirmed. The trial court granted a new trial in the issue between the city and the transit company. Thereafter the city paid the judgments recovered by the plaintiffs.

When the issue between the city and the transit company was called for a re-trial the city was permitted to amend its praecipe and the writ of scire facias by

changing the claim for damages from a claim for indemnity for the whole amount of the judgments recovered against it, to one for contribution of one-half of the amount so paid. The court then quashed the writ of scire facias as amended, principally on the ground that the claim was barred by the statute of limitations. This appeal is from the order of the court quashing the writ.

The writ of scire facias employed in this case affords not only a method of bringing a party into court, but it is also a pleading and must state a good cause of action: *Nunamaker v. Finnegan*, 110 Pa. Superior Ct. 404, 409, 168 A. 482; *Vinnacombe v. Phila.*, 297 Pa. 564, 573, 147 A. 826; *Rudman v. City of Scranton*, 114 Pa. Superior Ct. 148, 153, 173 A. 892; *Schuster v. Largman*, 318 Pa. 26, 34, 178 A. 45.

The writ issued was fundamentally defective in that it did not state a good cause of action. Accepting the pleadings at their face, the transit company was not liable for the injuries sustained by plaintiffs. The substance of the allegations in the scire facias is that there was a hole in the street which the employees of the transit company should have seen and that the car should have been stopped at a different point. Not only so, but the facts were fully developed on the first trial when it appeared that as the wife alighted from the car she stepped into a hole about fifteen inches by twenty-four inches and about six inches deep. The car stopped north of the usual stopping place by reason of the fact that there was another car ahead of it which had stopped to discharge passengers, a not unusual practice.

In the case of *Perret v. George*, 286 Pa. 221, 133 A. 228, Mrs. Perret was injured when alighting from a street car by stepping directly into a hole in the street. Mr. Justice (now Chief Justice) KEPHART there said: (p. 223) "The hole into which appellant stepped was in the public highway, a thoroughfare over which de-

fendant had no control, was not in any way responsible for, and had no authority to repair, if needed. However broadly and strictly we may have held street railways to care in receiving and discharging passengers, where the company owns or controls the right-of-way with the approaches thereto, the rule is different where such right-of-way and approaches are not so owned. In the latter case, there is a permissive use of the street in common with others, without any control of it. The public officers were in authority, and the municipality is responsible for the street's condition if an injury results therefrom: *Scanlon v. Phila. Rapid Transit Co.*, 208 Pa. 195, 197. It is only in exceptional cases arising under contract that a street railway company is responsible for accidents occurring in the cartway of a street through lack of repair. Street car companies are not required to observe the condition of streets over which its cars travel so as to stop their cars with exactness at places where passengers may avoid ordinary defects in the highway while alighting. ...... Street car companies, of course, cannot stop their cars for persons to alight at places manifestly dangerous, as where the car door opens to the side of a street immediately adjacent to an embankment or as in *McCollum v. Pitts. Rys. Co. (No. 1)*, 51 Pa. Superior Ct. 637. Here, the stop was made on an improved public highway, a place supposed to be reasonably safe; the passenger had, in legal contemplation, ceased to be a passenger when she stepped to the street. To hold, under such circumstances, that the duty of stopping at a safe place to alight embraced the obligation to avoid any defect in the highway, between the car and the curb, would cause the company to be liable as an insurer of the safety of a pedestrian in coming from or going to a car. If there was responsibility for the accident, it was the municipality's not appellee's." Also see *Martin v. Steen,* 109 Pa. Superior Ct. 263, 272, 167 A. 609.

It rarely occurs that the facts in two cases are so nearly alike as the Perret case and the one we are considering. The present case is not one where the carrier owns or controls a right-of-way with the approaches thereto, or where the stop is made at a place manifestly dangerous as on the side of a street immediately adjacent to an embankment or excavation (*Gerlach v. City of Phila.*, 103 Pa. Superior Ct. 401, 157 A. 212), or where the street car company is under contract to maintain the street or a part thereof. A street car company does not have fixed stopping places and it cannot be expected to stop its cars with exactness at the same spot: *Scherer v. Phila. R. T. Co.*, 295 Pa. 199, 145 A. 76; *Low v. Harrisburg Rys. Co.*, 290 Pa. 365, 370, 138 A. 852. The pleadings did not allege such a dangerous condition as would make the transit company liable and the facts developed on the trial disclosed that the hole was an ordinary defect in the highway. At the first trial the court properly gave binding instructions for the transit company. It should not have granted a new trial. The proper result was reached later by quashing the writ.

The arguments of the parties raise other interesting questions all of which would have to be answered favorably to the city in order to sustain its appeal. The city tried its case against the transit company on the theory that the transit company was solely liable. That theory could not be sustained. It now seeks to recover for an entirely different reason, to wit, that the parties were joint tort-feasors. Was there "concert or concurrence of action in the trespass or negligence charged or some neglect of a joint duty resting upon them"? See *Hill v. American Stores Co.*, 80 Pa. Superior Ct. 338. If both defendants were in fact negligent but were not joint tort-feasors has the city a right of contribution from the transit company where the active cause of injury was the failure of the city to keep its cartway in a safe

condition for travel and the neglect of the transit company was secondary or passive? It might be argued with a strong appeal that if the transit company had been held liable and paid the judgment, it could have recovered the whole verdict from the city: 6 R. C. L. p. 1056; *Gray v. Boston Gas Light Co.*, 114 Mass. 149; *Churchill v. Holt*, 127 Mass. 165, 34 Am. Rep. 355. The case of *Goldman v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 A. 231, concerned the right to contribution between joint tort-feasors. (See same case, 285 Pa. 116, 131 A. 665.) Finally, is the claim of the city barred by the statute of limitations?

As we believe that the pleadings do not charge any negligence upon the part of the transit company and our decisions are subject to review, it is not advisable that we should attempt to answer these additional arguments.

The order of the court below is affirmed.