Reid, Appellant, *v.* Scranton Transit Company.

Argued January 23, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Harry C. Hubler,* for appellant.

*Walter L. Hill,* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 15, 1940:

On June 13, 1938, plaintiff was a passenger on one of defendant's street cars, traveling northward in the Borough of Dunmore, Lackawanna County. The car reached its terminus on North Blakely Street, plaintiff's destination, at about four o'clock in the afternoon. In order to make its return trip to Scranton, it proceeded upon the crossover switch from the northbound to the southbound track before coming to a stop about twenty feet south of the intersection of North Blakely and Warren Streets. After the car had stopped, the motorman opened the automatic door at the right front of the car, facing toward the center of the street, to discharge the passengers. Plaintiff, the first one to alight, grasped the handrail at the door, placed his left foot upon the stationary step, and extended his right foot to the pavement when instantly his leg was struck by a truck coming from the north. Both bones of the right leg were fractured below the knee. In this action he seeks to recover from the transit company damages for the injuries sustained.

At the close of plaintiff's case, the trial judge reached the conclusion that there was no evidence of negligence on the part of the transit company, and entered a compulsory nonsuit upon the ground that plaintiff was guilty of contributory negligence. From the refusal to take off the nonsuit plaintiff has appealed.

The contention of plaintiff is that defendant subjected him to an unreasonable risk of injury by permitting him to alight from the car "into the middle of the street," at a place that was not safe because of the traffic, without giving him warning of the danger. He relies upon the principle that it was the duty of defendant as a common carrier to transport him to his destination and to enable him to alight there in safety. In support thereof he cites *O'Malley v. Laurel Line Bus Co.*, 311 Pa. 251. There a passenger was discharged from a bus, not at the usual

stopping place, but in the middle of a block and in the center of the street, on a dark night when it was raining.

The circumstances of the present case are clearly distinguishable. Here defendant had discharged its passengers at the same point for approximately four years. The accident happened during the hours of daylight, and the street was paved and level where plaintiff stepped from the car. There is nothing to indicate that the defendant discharged plaintiff at an "obviously perilous point," which was the basis of our decision in the O'Malley case. See *Maguire v. Doughty,* 326 Pa. 122, 128. In the latter case we held that the operation of a street car against traffic on a one-way street did not create an unreasonable risk of harm to the plaintiff, who was injured by the collision of an automobile with the car as she was about to board it. In our opinion, therefore, the defendant in the present case cannot be found negligent from the fact that the car crossed to the southbound track before discharging its passengers.

Nor was there evidence from which the jury could have concluded that the danger to alighting passengers from passing vehicles was greater because they were discharged from the side of the car facing the center of the street rather than from the side facing the southbound traffic lane. The testimony shows that traffic passed on both sides of a street car standing at this point. Defendant was not required to foresee that a motorist would violate the provisions of The Vehicle Code by passing a street car at a time when passengers were being discharged: Act of May 1, 1929, P. L. 905, Section 1017, as amended July 16, 1935, P. L. 1056.

In *Klingensmith v. West Penn Rys. Co.,* 279 Pa. 336, where a similar question was involved, we said (p. 339) : "The condition and use of the road is, as a rule, beyond the control of the street railway company, and, consequently, it is not held liable for the safety of persons using the street for the purpose of entering or leaving a

trolley car, so long as the acts of its employes do not in any way contribute to the injury. . . . A requirement that passengers enter and leave a street car from a particular side is, as a general rule, a reasonable one, and the mere fact that in a particular instance the danger from passing vehicles would be less on the opposite side of the car, will not in all cases render the railway chargeable with negligence. . . . The legislature having enacted a law forbidding the driver of an automobile to pass a standing street car on the side from which passengers are being received or discharged, the railway company was not bound to anticipate that automobilists would disregard the law."

Since there is here no evidence which would justify a finding of negligence on the part of defendant, the question of contributory negligence need not be considered.

Judgment affirmed.