Opinion by
 

 Rhodes, J.,
 

 Plaintiffs brought this trespass action against defendant to recover for personal injuries sustained by wife plaintiff upon alighting from defendant’s bus. The jury returned a verdict in favor of plaintiffs. Defendant’s motion for judgment notwithstanding the verdict was granted, and judgment was entered for defendant. These appeals followed.
 

 Wife plaintiff, with her young daughter, on November 6, 1937, about 7:30 p. m., was a passenger for hire on a bus operated by defendant, which is a common carrier. It was a large bus with a door on the right side near the front that opened and closed by a lever operated by the driver for entrance and exit of passengers. The bus was running along Marshall Road, a public highway, which extends westwardly from Sixty-third Street, in the city of Philadelphia, into Delaware County. Wife plaintiff was going to her home on the east side of Mill-bank Road, in Upper Darby, Delaware County, which runs north and south and meets Marshall Road at right angles, but does not intersect it as Millbank Road stops at the south side of Marshall Road. The latter is about 25 feet wide, and is paved with macadam for about 20 feet northward from the curb on its south side. Extending northward beyond the macadam section of the road for a width of about 5 feet is a shoulder paved with broken stone and gravel. There is no curbing on the north side of Marshall Road, and only open fields adjoin. At the request of. wife plaintiff the driver of the bus stopped at a point which would be at the northwest corner of Marshall and Millbank Roads if Mill-bank Road extended across Marshall Road. For about a month prior to the date of the accident, there had existed a hole or depression in the stone and gravel shoulder on the north side of Marshall Road. This hole or depression abutted the macadam section of the road, and was about three feet long, one foot wide, and about
 
 *223
 
 three or four inches deep. If Millhank Road had extended across Marshall Road, the hole or depression would have been near the northwest corner of the intersection. Some of the drivers of defendant’s buses had stopped to allow passengers to alight at a point beyond this hole or depression. Wife plaintiff said that she was cognizant of this fact, having been a passenger on such buses. There were no lights on the north side of Marshall Road, but there was an electric light on the southwest corner of Millbank and Marshall Roads. When the bus stopped wife plaintiff took the hand of her daughter and helped the child from the platform to the stationary step on the bus and then to the roadway. She followed her daughter, and when she stepped down to the roadway she stepped into the hole or depression and fell, sustaining injuries. She knew of the existence of the hole or depression, but was unable to see it when she stepped from the bus because it was dark.
 

 Plaintiffs’ contention is that the point at which the bus stopped was a place of obvious danger.
 

 Common carriers of passengers, such as defendant, do not ordinarily have fixed stopping places, and cannot be expected to come to a stand with exactness each time at the same point where passengers are discharged.
 
 Low v. Harrisburg Railways
 
 C
 
 o.,
 
 290 Pa. 365, 370, 138 A. 852;
 
 Scherer v. Philadelphia Rapid Transit Co. et al.,
 
 295 Pa. 199, 201, 145 A. 76. Such a common carrier, however, cannot discharge passengers at places manifestly dangerous
 
 (Perret et ux. v. George et al.,
 
 286 Pa. 221, 224, 133 A. 228), but it may properly permit them to alight if there is no reason to anticipate harm
 
 (Low v. Harrisburg Railways Go.,
 
 supra). If the person in charge of a conveyance used for the carriage of passengers for hire knowingly permits one of them to get off the vehicle at a dangerous place, the dangerous character of which the passenger could not see and did
 
 *224
 
 not know, the carrier will be liable for the resulting injuries, if any, to the passenger.
 
 O’Malley v. Laurel Line Bus Co.,
 
 311 Pa. 251, 255, 166 A. 868.
 

 Plaintiffs’ theory is that the bus could have been stopped at a point east of the hole or depression or at a point west of and beyond it, and that the failure of the bus driver to avoid a manifest danger made him guilty of negligence which was imputed to defendant. But the evidence in our opinion does not establish that the hole or depression was of this type. The defect was in a highway over which defendant had no control and no duty or authority to repair
 
 (Perret et ux. v. George et at.,
 
 supra, p.
 
 223; Thompson v. Philadelphia et al.,
 
 129 Pa. Superior Ct. 174, 179, 195 A. 174), and was no more than one arising from lack of surface repair. When defendant’s bus stopped upon the macadam section of the highway there was nothing under the circumstances to disclose any obvious and manifest danger to passengers alighting at that point, and there was no evidence that the operator of defendant’s bus had knowledge of the existing defect, or had any reason to suspect its presence, or knowingly permitted wife plaintiff to get off at a dangerous place. Where the condition and use of the highway is beyond the control of the common carrier, it is not liable for the safety of persons using it for the purpose of entering or leaving its conveyance, so long as the acts of its employees do not in any way contribute to the injury.
 
 Klingensmith v. West Penn Railways Co.,
 
 279 Pa. 336, 339, 123 A.
 
 787; Reid v. Scranton Transit Co.,
 
 339 Pa. 225, 227, 228, 12 A. 2d 553. The duty of stopping at a safe place to permit passengers to alight does not embrace the obligation to avoid every defect in a public highway.
 
 Perret et ux. v. George et al.,
 
 supra, p. 224. It is a matter of common knowledge that trolleys and buses traverse public highways which have many minor defects and worn out places. These conditions may re
 
 *225
 
 main
 
 for
 
 some time until repairs are made by the public authorities solely responsible for maintenance. There is no duty on the operators of such common carriages to anticipate every uneven surface or defect in the highway proper or along the side thereof, and stop so as to avoid any remote possibility of an alighting passenger’s sustaining injury by slipping on an uneven surface or stepping in a depression not in itself an obviously dangerous place. What is a place of obvious danger is at times a question for the court, and at times, if from the facts various inferences are possible, for the jury. See
 
 Scherer v. Philadelphia Rapid Transit Co. et al.,
 
 supra, p. 202;
 
 Fordyce v. White Star Bus Lines, Inc.,
 
 304 Pa. 106, 112, 155 A. 98;
 
 Thompson v. Philadelphia et al.,
 
 supra, p. 179;
 
 Gerlach et ux. v. City of Philadelphia et al.,
 
 103 Pa. Superior Ct. 401, 406, 157 A. 212;
 
 McCollum v. Pittsburgh Railways Co. (No. 1),
 
 51 Pa. Superior Ct. 637, 641. But it must be such at least that a reasonably prudent person would believe that it contained manifest characteristics of potential harm under the circumstances.
 

 We are unable to find any reason for the driver of defendant’s bus to have anticipated that to stop at the place requested by wife plaintiff to alight to reach her home would involve a peril to ber. She assumed that the bus driver did not stop in the proximity of the highway defect, and that he had the same knowledge of the highway condition that she had. Acting on these false assumptions she stepped from the bus into the darkness without taking any precaution. See
 
 Fordyce v. White Star Bus Lines, Inc.,
 
 supra, p. 112;
 
 White v. Harrisburg,
 
 342 Pa. 556, 20 A. 2d 751.
 

 We agree with the court below that the evidence does not justify a finding that defendant was guilty of any negligent act which made it liable for wife plaintiff’s injury.
 

 The facts in the present case are more analogous to
 
 *226
 

 Thompson v. Philadelphia et al.,
 
 supra, where we held as a matter of law that the street railway company was not responsible for the accident, than to the facts in
 
 McCollum v. Pittsburgh Railways Co.,
 
 supra, or in
 
 Gerlach et ux. v. City of Philadelphia et al.,
 
 supra, cases relied on by plaintiffs. There is nothing in these cases, where we held that the matter was for the jury, which commits us to a similar holding in the circumstances of the case before us.
 

 Judgment is affirmed.