84

## Jones v. The Bell Telephone Company of Pennsylvania

*Irwin & Perfilio*, for plaintiff.

*Frances J. Fornelli, Anna Belle Jones*, and *John J. Regule*, for defendants.

STRANAHAN, P. J., February 25, 1969.—This court has before it a motion for a summary judgment in which defendant, The Bell Telephone Company of Pennsylvania, has asked that a summary judgment be entered in its favor and against Dan W. Jones, under the authority of rule 1035 of the Pennsylvania Rules of Civil Procedure, which provides that a summary judgment may be entered if there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

This case is a personal injury suit in which plaintiff stopped at a gasoline station which was owned by the Ashland Oil and Refining Company and leased to the operator, Dominick Esposito. The Bell Telephone Company of Pennsylvania had placed a telephone booth on the gasoline station property. The booth was

located near the sidewalk at the intersection of South Irvine Avenue and Budd Street in Sharon, Pa. The entrance to the booth was some 15 inches from the edge of the sidewalk and it is plaintiff's contention that the sidewalk edge adjoining the entrance to the booth was raised up in such a manner that it extended three-fourths of an inch in height above the surrounding area.

It is plaintiff's contention that on the evening that this happened he had stopped to make a telephone call to a friend and upon leaving the booth it was dark and as he stepped out of the booth with his right foot the area immediately outside of the both was downgrade and that his right foot caught in the elevated portion of the sidewalk causing him to trip and fall forward, thereby injuring himself.

After The Bell Telephone Company of Pennsylvania had been sued the statute of limitations of two years expired and the Bell Telephone Company then joined the additional defendants, Ashland Oil Company and Dominick Esposito. Since the statute of limitations has run, the only grounds on which the additional defendants could be held in the case are that the additional defendants are jointly liable with The Bell Telephone Company.

The Bell Telephone Company contends that a summary judgment should be issued in its favor for two reasons; the first being that considering the deposition and all other evidence in a light most favorable to plaintiff, he has still not produced evidence of the cause of his fall, and secondly, since the fall was caused by the elevation in the sidewalk outside the telephone booth, the Bell Telephone Company is not liable as a matter of law because it did not control or maintain that area.

The second contention of defendant is most interesting since defendant argues that the situation here

is analogous to a multiple tenancy situation and that the law is clear that if there are multiple tenants then the obligation of maintaining that portion of the land which is not in the immediate possession of one of the tenants lies with the landowner. Defendant reasons that it is not responsible for any area other than the area upon which its booth is located, since that is the only portion of the ground which it leased. There is some question in this case as to the status of the Bell Telephone Company. Whether the company is a lessee, a licensee or trespasser has never been clearly established, but probably it is a lessee.

It is true that the law is fairly well established in Pennsylvania that where there are multiple tenants the property owner is responsible for the upkeep of the property, rather than one of the tenants who merely has possession of a portion of the premises. We have no dispute with that being the law in the case, but we do not feel that this case should be decided solely on that point.

Plaintiff's pleadings are not too clear, but the amended complaint does allege that the Bell Telephone Company was negligent in constructing and erecting the booth in an improper and defective manner in that it allowed the booth to be and continue in a dangerous and unsafe condition. The complaint further describes this condition as the area about the booth being rough, uneven and hazardous and that the Bell Telephone Company did further fail to give notice or warning of such hazardous condition. It is plaintiff's contention that the negligence of the Bell Telephone Company consisted in erecting the telephone booth at a location on the property where users of the booth would be subject to a dangerous condition. The dangerous condition is that there was an uneven and raised portion in the sidewalk some 15 inches from the entrance to the phone booth.

It is further contended by plaintiff that the Bell Telephone Company had an obligation to its users to warn them of the dangerous condition which existed on the evening that plaintiff was injured. This warning should have consisted of a notice that as one stepped out of the telephone booth he would encounter an uneven portion of the sidewalk upon stepping down in that area.

Regardless of the rules of multiple tenancy we believe that the Bell Telephone Company, a public utility, has an obligation towards its users to protect them from dangerous conditions that might exist. It is admitted that the court has difficulty in finding a case in which the factual situation is analogous to the present case.

There is a case which does illustrate the principle of law that the defendant has an obligation to provide the plaintiff with a safe place to transact his business of making a telephone call. This case is Donohue v. Western Union Telegraph Company, 57 Pa. Superior Ct. 251. The facts in the case are that the woman plaintiff desired to send a telegram and she went to the telegraph office. The Telegraph Company occupied a room in a building and to gain access to this room it was necessary that plaintiff use a hallway which was not under the possession or control of the Telegraph Company, but rather was under the possession and control of Pennsylvania Cold Storage and Market Company. There was a trap door located in the hallway, and an employe of the Pennsylvania Cold Storage and Market Company had neglected to close the trap door. Plaintiff, failing to observe this because of the darkness of the hallway, fell through the trap door and was severely injured.

In addition to claiming that plaintiff was guilty of contributory negligence, defendant, Western Union Telegraph Company, argued that since they had no

control over the hallway there was no negligence and resulting liability on their part. The court held that defendant was bound to supply a reasonably safe place for the transaction of business by its patrons. Failing this, defendant would be negligent.

While this case is not completely analogous to the present situation we believe that the underlying principle of law is applicable here. This principle is that the telephone company in establishing a booth was required to provide a reasonably safe place for its patrons to transact their business, and this includes the immediate areas surrounding the booth, where patrons must of necessity step in order to get into the booth.

As was pointed out in Donohue v. Western Union, supra, the negligent act was not the defect that existed on property not under control of defendant, but rather the failure of defendant to appraise plaintiff of the defect either by warning him or by use of adequate lighting so that he could see the defect. If this is done then defendant has fulfilled its duty of providing plaintiff with a reasonably safe place to conduct his business.

Perhaps a similar situation appears in cases in which a bus driver stops his bus by a hole in the road and permits passengers to disembark, knowing that there is a dangerous condition at the foot of the doorway from which they are disembarking.

Such a case involving this factual situation appears in MacDonald v. Philadelphia Rural Transit Company, 147 Pa. Superior Ct. 220, and in O'Malley v. Laurel Line Bus Co., 311 Pa. 133. In this type of case where the bus company permits passengers to get off at a dangerous place, the character of which place the passengers could not see, nor did not know about, and the bus company is aware that this dangerous condi-

tion existed, the court has held that the bus company would be liable for the injury.

We believe that there is some analogy here in that it is possible to impose liability on the Bell Telephone Company, if it would appear that the company knowingly constructed the telephone booth in a place where a dangerous hazard existed some 15 inches from the doorway, and the company knew full well that patrons would be using this facility at night time when it was dark and the hazard would be difficult to see. It also might be determined to be negligence if the hazardous condition was created after the erection of the booth since the Bell Telephone Company has an obligation in this court's opinion to observe this hazardous condition and to warn customers that such a condition exists.

The basic rules of negligence apply in all cases, even though there are ramifications of the rule, but the fundamental question still remains, has the Bell Telephone Company acted as a reasonably prudent person should act under the circumstances. We believe that this court cannot determine as a matter of law that there was no negligence either in the erection and location of the booth or the manner in which the company permitted customers to use the booth, without warning them of the dangerous condition or providing some method whereby the customer could observe this condition.

The second argument raised by defendant in this case is much easier to dispose of in that we believe that plaintiff by his deposition has established the manner in which this action has happened. It is admitted that at the time of his fall he did not know what he fell over and since he was apparently substantially injured it is understandable why he did not conduct an immediate investigation. However, he has testified that through photographs that were taken

shortly after the accident happened, and from a later examination, he determined that he tripped over the elevation in the sidewalk. We cannot accept defendant's argument that plaintiff does not have the right to reconstruct the happening of the accident from the use of photographs and a later examination. We believe that how he determines the accident happened is a matter for the jury to consider and the jury has the right to pass upon the credibility of plaintiff's story in determining whether he actually does know what caused his fall.

For these reasons we must dismiss defendant's motion for a summary judgment.

### ORDER

And now, February 25, 1969, defendant's motion for a summary judgment is dismissed.