## Kaley v. Wartluft

582

*Alvin B. Lewis*, for plaintiff.

*C. M. Seltzer*, for defendant.

*C. D. Becker*, for additional defendant.

EHRGOOD, P. J., September 19, 1942.—This matter comes before the court on a motion to dismiss filed under Pa. R. C. P. 2256(a) on behalf of Hershey Transit Company, a Pennsylvania corporation, attacking the order of this court directing the joinder of the said Hershey Transit Company as an additional defendant. The motion to dismiss alleges that the original defendant has failed to set forth legal grounds for joining the additional defendant, in that the said petition is defective in substance and does not state a good cause of action.

The facts are as follows:

An action in trespass was instituted in this court to the above number and term, by the above-named plaintiff, against the original defendant. A statement of claim alleged that the action was brought by reason of injuries sustained by plaintiff, William M. Kaley, on January 21, 1941, between the hours of 3 and 4 o'clock p.m., on West Main Street, in the Borough of Palmyra, Lebanon County, while plaintiff was, at the time and place aforesaid, alighting from the street car, then and there operated under the control of the employe of the additional defendant, and that after alighting from said street car he was hit and injured by a motor vehicle driven and operated by the original defendant.

After suit was instituted, and within the period prescribed by the Rules of Civil Procedure, the original

defendant filed a petition praying that the court issue an order to bring in as an additional defendant the Hershey Transit Company. In response to the prayer of said petition, upon presentation of the same, and without hearing thereon, the court made an order joining the said Hershey Transit Company as an additional defendant.

After service by the sheriff of a copy of said order of joinder, and a copy of plaintiff's statement of claim, affidavit of defense and answer filed on behalf of the original defendant, the said Hershey Transit Company filed the motion to dismiss which is now before the court for consideration and action. The motion alleges as a reason for dismissal that "additional defendant avers that Clara M. Wartluft, original defendant in the above-entitled action, petitioner aforesaid, has failed to set forth jurisdictional and legal ground for joining Hershey Transit Company as additional defendant, etc.", and then proceeds to answer seriatim the allegations of negligence chargeable to additional defendant alleged in the petition, and makes answer thereto.

The allegations, upon which original defendant relies in his petition to state a good cause of action against the additional defendant, are contained in paragraph 7(c) of said petition, which reads as follows:

"7(c) Said trolley car was then and there operated by the said motorman, the said agent, in a negligent and unlawful manner, inter alia, as follows:

"1. Said trolley car was stopped to discharge passengers between intersections, in the middle of a block, and not at an intersection.

"2. Said trolley car was stopped without giving any notice or warning of its intention to stop and discharge a passenger or passengers.

"3. Said trolley car was stopped and the employe of the Hershey Transit Company, for the time being in charge of its operations, opened the door of said trolley car, between intersections and without warning, and

permitted a passenger to alight from the said trolley car in the path of oncoming traffic, without warning or signal to the oncoming traffic or to the said passenger.

"4. Said trolley car was operated by the person then and there being in charge of same, and being the agent and employe of the said Hershey Transit Company, in such negligent and unlawful manner as to cause injury to its passenger, a certain William M. Kaley, then and there alighting therefrom without due regard to the oncoming traffic and to the condition of the highway and the travel thereon.

"5. The said Hershey Transit Company did not provide due and proper warning signals or other signals of the fact that its trolley car would stop at a point other than an intersection so as to warn other users of the highway.

"6. The said Hershey Transit Company did not provide the said trolley car with a proper warning signal, either mechanical or manual, that said trolley car was about to stop between intersections, in the middle of a block, and at a place not normally to be expected by oncoming traffic and other users of the highway.

"7. The said Hershey Transit Company neglected its duty to refrain from opening the doors of its trolley car for the discharge of a passenger when the passenger's way was not safe, did so open the door of its trolley car and invited the passenger to alight at a place of danger, without any warning to the passenger or to the oncoming traffic and to other lawful users of the highway.

"8. The said Hershey Transit Company, by its agents, then and there unlawfully and negligently operated and stopped the trolley car and permitted and invited a passenger to alight therefrom without any warning to oncoming traffic and without any consideration whatsoever for oncoming traffic or other lawful users of the highway, and without any consideration for passenger and his well-being and safety."

Paragraph (*b*) of Rule 2252 provides as follows:

"The petition shall contain a statement framed in the manner and form required for the initial pleading of a plaintiff in an action at law, setting forth the residence and citizenship of the proposed additional defendant, the facts relied upon to establish his liability and the reasons for his joinder in the action."

The original defendant's allegations of the alleged negligence consist of the transit company's trolley car being stopped to discharge a passenger between intersections; of stopping said trolley car without giving notice or warning of the proposed stop and discharge of said passenger; that said trolley car was *stopped* and the passenger permitted to alight therefrom between intersections and without warning to oncoming traffic or to said passenger; that additional defendant did not provide warning signals with which to warn users of the highway that its trolley car would stop at a point other than an intersection.

In determining whether the petition establishes a prima facie liability of defendant, the court should consider only the legal sufficiency of the averments in the petition. The question for the court to determine is whether the allegations contained in additional defendant's petition contain averments of fact sufficient to charge additional defendant with negligence which was the proximate or concurring cause of plaintiff's injury. The facts alleged in the petition indicate that additional defendant's street car was being operated upon its track facilities on a public highway of the Borough of Palmyra, in the daytime, in an easterly direction, and the operator thereof had brought said street car to a stop, opened the exit door thereof, and that plaintiff passenger had alighted therefrom when struck by the motor vehicle operated by the original defendant. The street car was stopped between intersections without warning, but in full sight of oncoming traffic, and without any allegation that the view of oncoming

traffic was obstructed. The fact that the transit company stopped its street car for the purpose of letting off passengers between intersections of the main street, and that plaintiff passenger alighting therefrom was struck by the motor vehicle operated by the original defendant, could not be taken to mean that such action on the part of additional defendant was the proximate cause of the injury sustained by plaintiff. Since the additional defendant had a right to operate its trolley car on said West Main Street, there was no obligation on its part to warn motorists or others of its intention to stop to let off a passenger. Its act in so doing did not amount to want of care under the circumstances. A street railway company is not bound to anticipate that the operator of an automobile will pass a standing street car from which passengers are being received or discharged in violation of section 1017(b) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of July 16, 1935, P. L. 1056, sec. 31, as set forth in 75 PS §592(b), which provides:

"No operator of a vehicle who meets or overtakes a street passenger car, or school bus, that has stopped for the purpose of taking on or discharging passengers, shall pass said car or school bus on the side on which the passengers get on or off, until the car or school bus has started, and until any passengers who may have alighted have reached the side of the highway, except that, where a safety zone has been established, or at an intersection where traffic is controlled by a peace officer or a traffic signal, a vehicle need not be brought to a full stop before passing any such railway, interurban, street car, or school bus, but may proceed past such car or school bus at a speed not greater than is reasonable or proper, and in no event greater than ten (10) miles an hour and with due caution for the safety of pedestrians."

See Reid v. Scranton Transit Co., 339 Pa. 225.

The facts alleged in original defendant's petition do not show nor indicate that plaintiff was discharged

from the street car of the transit company at an "obviously perilous point".

What happened to plaintiff was not reasonably foreseeable by the additional defendant company, its officers or agents, and the company cannot be held to be negligent in not guarding against something it had no grounds for anticipating, namely, the failure of the original defendant to bring her automobile to a stop to permit plaintiff to alight safely from the street car: Maguire v. Doughty, Admr., et al., 326 Pa. 122.

As was said in the syllabus in Murtha et ux. v. Philadelphia et al., 130 Pa. Superior Ct. 411, 416:

"A street car company does not have fixed stopping places and it cannot be expected to stop its cars with exactness at the same spot."

There is no duty on the part of a street railway company in the operation of its street cars to give notice by signal, mechanical or otherwise, of its intention to stop for the purpose of taking on or discharging passengers. The regulations of The Vehicle Code relating to signals by operators of vehicles on stopping specifically exempt "a device moving on stationary rails or tracks on a public highway".

It, therefore, appears to the court that in the instant case the original defendant has failed in her petition to state facts, which make out a good cause of action against additional defendant, in that said petition does not contain allegations of facts that the additional defendant was negligent in the operation of its street car, under the circumstances, and at the time and place of plaintiff's injury, and that its negligence was the proximate or contributing cause of the injuries suffered by plaintiff.

And now, to wit, September 19, 1942, the motion to dismiss the petition and order of joinder, dated February 17, 1942, is sustained, and the action is dismissed as to Hershey Transit Company, additional defendant.