Hoffman, Appellant, *v.* Philadelphia Transportation Co.

Argued November 26, 1951.   Before DREW, C. J. STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Maurice S. Levy*, with him *Albert B. Soffian*, for appellants.

*Joseph J. Tunney*, with him *Jay B. Leopold*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 7, 1952:

On a November night at about nine o'clock, the wife-plaintiff was a passenger on a bus which was being operated by defendant company in a northerly direction on Adams Avenue in Philadelphia.  She signalled the operator of her intention to alight at Ramona Avenue, but when the bus stopped there, according to her testimony, it did so at a distance of from 6 to 8 feet from the Adams Avenue curb.*  As she stepped down onto the asphalt paving of the cartway her foot went into a hole or depression which she described as being about 2

---

* It would appear from the photograph placed in evidence by the plaintiffs that the distance was not as great as that to which she testified.

feet long, 8 or 10 inches wide and 2 to 3 inches deep. She said the corner there was dark. She fractured her ankle, and, together with her husband, brought suit for damages against defendant company. The court gave binding instructions to the jury to find a verdict for defendant and later entered judgment on the verdict so rendered.

Plaintiffs' appeal is without merit. The case is controlled by the decision of this court in *Carroll v. Pittsburgh,* 368 Pa. 436, 84 A. 2d 505, where it was pointed out that it is the municipality, not a street railway or transportation company, which is responsible if holes or defects exist in the public highway, and the liability of the transportation company for resulting accidents is sharply limited by reason of that fact. It is true that where a passenger is mistakenly led to alight at an obviously dangerous place, and thereby sustains injuries, the carrier may be held liable, but in the cases so holding, several of which are cited in the *Carroll* opinion, the dangers creating such liability were those due to the presence of barricades, trenches, excavations, mounds of earth or other extraordinarily hazardous conditions. As stated in *MacDonald v. Philadelphia Rural Transit Co.,* 147 Pa. Superior Ct. 220, 224, 225, 24 A. 2d 37, 39: "The duty of stopping at a safe place to permit passengers to alight does not embrace the obligation to avoid every defect in a public highway . . . It is a matter of common knowledge that trolleys and buses traverse public highways which have many minor defects and worn out places. These conditions may remain for some time until repairs are made by the public authorities solely responsible for maintenance. There is no duty on the operators of such common carriages to anticipate every uneven surface or defect in the highway proper or along the side thereof, and stop so as to avoid any remote possibility of an alighting passenger's sustaining injury by slipping

on an uneven surface or stepping in a depression not in itself an obviously dangerous place." Incidentally, it was there held that the hole into which the plaintiff fell in alighting from a bus was not such as to make the bus company liable although its dimensions were greater than those of the depression described by plaintiffs in the present case. As said in the *Carroll* case, supra (p. 444, A. p. 509) : "The principle underlying all of [the authorities] is that it would be unjust and impracticable to hold street railway companies liable to passengers alighting from their cars on busy city streets, where, especially in the case of asphalt pavings, there are frequently holes, depressions and worn out places of various dimensions which may remain for considerable periods of time until repairs are made by the public officials who alone are responsible for the maintenance of the highway in good order and repair."

No evidence was presented by plaintiffs as to how long the depression in the cartway which caused the accident had been there, nor any evidence that the operator of the bus was any more cognizant of its existence than the wife-plaintiff herself; she testified that she was familiar with "this particular location" since her "very best friend" lived a few doors from the corner and she saw her "every other week or so;" indeed she had visited her, in the evening, about a week before the accident.

It remains only to add that, even if the bus did stop some distance out from the curb instead of closely adjacent to it, that would not in itself prove negligence: *Low v. Harrisburg Railways Co.*, 290 Pa. 365, 371, 138 A. 852, 855; *Scherer v. Philadelphia Rapid Transit Co.*, 295 Pa. 199, 201, 145 A. 76, 77; *Gerlach v. City of Philadelphia*, 103 Pa. Superior Ct. 401, 404, 157 A. 212, 213.

Judgment affirmed.