Isabel CAREY, Plaintiff and Appellee,

v.

JACK RABBIT LINES, INC., a Corporation, Defendant and Appellant.

No. 13263.

Supreme Court of South Dakota.

Argued April 23, 1981.

Decided Aug. 26, 1981.

Arend E. Lakeman of Lakeman & Krause, Mobridge, for plaintiff and appellee.

Roy A. Wise of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for defendant and appellant.

WOLLMAN, Chief Justice.

This case involves an action for personal injuries sustained by Isabel Carey (appellee) when she fell while alighting from a bus owned and operated by Jack Rabbit Lines, Inc. (appellant). The case was tried to the court, which entered judgment for appellee. We affirm the judgment as modified.

Appellant is a common carrier transporting passengers for hire. On July 13, 1978, appellee boarded one of appellant's buses in Aberdeen, South Dakota. The bus arrived in Mobridge at approximately 10:30 p. m. The bus driver parked the bus twelve to eighteen inches from the curb, whereupon he left the vehicle and began unloading the baggage compartment. The curb in the area of the bus stop was eight inches high. The area was dimly lighted, the nearest street light being located approximately ninety-four feet from the bus stop area. The lights inside the bus did not adequately illuminate the curb at the point where passengers stepped off the bus.

Appellee proceeded to alight from the bus utilizing the handrail. As she stepped from the last step of the bus she unexpectedly stepped down into the gutter instead of onto the sidewalk, lost her balance, and fell to the ground. Appellee, who was seventy-nine years old at the time, suffered a fractured left shoulder and also injured her wrist, resulting in some permanent physical impairment.

The bus driver admitted that he could have parked the bus within two or three inches of the curb but testified that he had stopped twelve to eighteen inches from the curb because to do so made it more convenient to unload the baggage compartment. He neither warned the passengers of the potential danger nor helped them to alight from the bus.

The trial court held that the accident was the result of appellant's negligence and awarded appellee $7,000 for pain and suffering and temporary and permanent physical injury and disability, $1,290.70 for medical and other expenses, and $359.55 for costs.

Appellant contends that the place for alighting was reasonably safe for that purpose and that appellee failed to prove that appellant's employee knew, or should have known, that the place for alighting was dangerous. We do not agree.

■ The applicable standard of care required of appellant is defined in SDCL 49–4–4, which provides as follows:

A carrier of persons for reward must use the utmost care and diligence and a reasonable degree of skill and provide everything necessary for their safe carriage.[1]

Although this statute did not make appellant an insurer of appellee's safety, it did require appellant to exercise the highest care that could reasonably have been exercised. *Henrichs v. Inter City Bus Lines*, 79 S.D. 267, 111 N.W.2d 327 (1961).[2] This duty

1. Repealed, 1979 S.D. Sess. Laws ch. 307, § 24.

2. We note that this Court may well have erred when it said in *Kramer v. Sioux Transit, Inc.*, 85 S.D. 232, 237, 180 N.W.2d 468, 471 (1970), that the words "provide everything necessary for their safe carriage" found in SDCL 49–4–4 "concerns the vehicle itself and not its operation," citing *Henrichs*, supra. In *Henrichs*, however, the Court was citing SDC 8.0203 (the predecessor of SDCL 49–4–5), which required a carrier to provide "vehicles safe and fit for the purpose," when it made the statement referred to by the Court in *Kramer*.

extended to passengers who were in the process of alighting from the bus. See, e. g., *Katamay v. Chicago Transit Authority*, 53 Ill.2d 27, 289 N.E.2d 623 (1972); *Stevens v. Reading Street Railway Co.*, 384 Pa. 390, 121 A.2d 128 (1956).

It is true that some courts have held that merely stopping a bus some distance from the curb is not in and of itself proof of negligence. See, e. g., *Marshall v. Capital Transit Company*, 216 F.2d 636 (D.C.Cir. 1954); *Hoffman v. Philadelphia Transp. Co.*, 369 Pa. 212, 85 A.2d 144 (1952); *Smith v. Portland Traction Company*, 226 Or. 221, 359 P.2d 899 (1961); *Burke v. Milwaukee and Suburban Transp. Co.*, 39 Wis.2d 682, 159 N.W.2d 700 (1968).

■ What our holding might have been had this accident occurred in broad daylight, we need not speculate. Here, however, the accident occurred late at night at a poorly lighted area. Under these circumstances, we hold that the failure of appellant's driver to park the bus close enough to the curb to permit appellee and the other passengers to step safely onto the sidewalk and his failure to warn them of the possible danger or to assist them in alighting constituted negligence that supports the trial court's award of damages.[3]

■ Appellant contends that appellee did not exercise ordinary care for her own safety. This contention is belied by the record, which shows that appellee held onto the stair railing as she proceeded to alight from the bus. Because of her short, stocky figure, appellee, who testified that she "couldn't hardly see outside," apparently had to release her hold on the railing to make the step to what she thought was the sidewalk but in reality was the gutter. It appears that there was little more that appellee could have done in the way of exercising care for her safety. Having been left to fend for herself by the driver, whose principal concerns apparently lay elsewhere, appellee did the best she could under the circumstances. It was for the trier of fact

to determine whether appellee was guilty of contributory negligence, *Raebel v. Fishers Grove Golf Course, Inc.*, 88 S.D. 20, 214 N.W.2d 785 (1974); *Henrichs v. Inter City Bus Lines*, supra, and we cannot say that the trial court erred in its finding on this issue.

■ Appellant also contends that appellee assumed the risk.

It is well-established that in order to support an assumption of the risk defense under South Dakota law, the defendant must show that the plaintiff not only had knowledge of the existence of the danger involved (actual or constructive), and an appreciation of its character, but additionally, that he voluntarily accepted such risk, i. e., [the plaintiff] had a sufficient amount of time, knowledge, and experience to make an intelligent choice.

*Thomas v. St. Mary's Roman Catholic Church*, 283 N.W.2d 254, 259 (S.D.1979) (citations omitted). See also *Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981). Unlike the situation in *Myers v. Lennox Co-op Ass'n*, 307 N.W.2d 863 (S.D.1981), there was no showing here that appellee was aware of the danger or that she had an appreciation of its character. Accordingly, the trial court did not err in finding that appellee had not assumed the risk.

Appellant contends that the $7,000 award for pain and suffering and temporary and permanent physical injury and disability is excessive. We do not agree.

Appellee testified that after the accident she walked a short distance to her apartment, where she lived alone. She knew at that time that she was badly hurt because she was unable to use her left hand and arm. After applying cold packs to her arm all night, she walked to her doctor's clinic the next day and learned the extent of her injuries. Appellee was unable to cook her own meals and needed help dressing. For several days after the accident, she was unable to lie in bed.

**3.** To the extent that the opinion in *Smith v. Portland Traction Company*, supra, held that a poorly lighted passenger discharge area did not

support a finding of negligence, we find it unpersuasive.

■ It is undisputed that appellee's injury has resulted in some permanent physical impairment. Furthermore, in addition to the painful injury, appellee has suffered mental anguish because of her concern about the effect the injury may have on her ability to live alone in her apartment and to care for herself. In view of this evidence, we hold that the trial court's award for pain and suffering is not excessive.

Appellant contends that the trial court erred in awarding special damages that were not specifically pleaded by appellee. Appellant timely objected to the introduction of evidence with regard to the special damages not pleaded and to the award of those damages. At no point did appellee move to amend her pleadings.

Special damages are "those which are the natural but not the necessary consequence of the act complained of." *Simmons v. Leighton*, 60 S.D. 524, 528, 244 N.W. 883, 884 (1932). SDCL 15–6–9(g) provides that "[w]hen items of special damage are claimed, they shall be specifically stated."

■ We hold that the trial court erred in awarding appellee special damages that were not specifically stated or pleaded as required by SDCL 15–6–9(g). See generally 5 C. Wright & A. Miller, Federal Practice & Procedure § 1312 (1969); 22 Am.Jur.2d *Damages* § 273 (1965). Accordingly, the judgment is modified by reducing the amount the trial court awarded for medical and other expenses to $564.70, which is the amount of special damages specifically pleaded and allowed.

We have examined appellant's remaining contentions and conclude that they are without merit.

As modified, the judgment is affirmed.

All the Justices concur.