J-S23044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VICTORIA REES-JONES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOUNDING FOOTSTEPS, LLC, CITY | : | No. 3212 EDA 2024 |
| OF PHILADELPHIA, JOHN DOE, JANE | : | |
| DOE, ABC CORPORATION | : | |

Appeal from the Order Entered April 16, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 231000047

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 5, 2025**

Victoria Rees-Jones ("Rees-Jones") appeals from the order granting the motion of Founding Footsteps, LLC ("Founding Footsteps") for judgment on the pleadings.[1] Following our review, we affirm.

The trial court set forth the following factual and procedural history:

> [Rees-Jones] claims to have tripped and fallen on an uneven area of the street while disembarking from a trolley used for commercial tours around the City of Philadelphia on or about October 23, 2021. [Rees-Jones's] complaint . . . alleges that at the stop in question, passengers were required to step directly onto the street rather than onto a sidewalk, and that this area "was poorly lit and included a drainage/sewer grate which was several inches below the walking surface." [Rees-Jones] further alleges that the trip occurred on a "dangerous and/or defective

---

[1] The trial court approved joint stipulations on November 27, 2024, discontinuing the action as to the City of Philadelphia and all named defendants other than Founding Footsteps.

condition which existed on or . . . about the walking surface, namely, an uneven and/or depressed area and/or drain." [Rees-Jones] brought negligence claims against [Founding Footsteps], the alleged owner-operator of the trolley, and the City of Philadelphia, the alleged owner of the area of the street at issue, 129 North 22nd Street in Philadelphia.

[] Founding Footsteps filed a motion for judgment on the pleadings, to which [Rees-Jones] did not respond. . . . [A]fter reviewing the motion for judgment on the pleadings and [Rees-Jones]'s complaint, the trial court granted the motion, dismissing all claims against Founding Footsteps. . . . [Rees-Jones] filed a motion for reconsideration of the trial court's order dismissing claims against Founding Footsteps, to which Founding Footsteps responded in opposition. . . . [Subsequently], the trial court denied [Rees-Jones's] motion for reconsideration, and this appeal followed.

Trial Court Opinion, 2/18/25, at 1-3 (capitalization standardized).  Rees-Jones timely appealed, and both Rees-Jones and trial court complied with Pa.R.A.P. 1925.  Rees-Jones raises the following issues for our review:

1. Whether the trial court erred in granting judgment on the pleadings in favor of [Founding Footsteps] insofar as the allegations in [Rees-Jones's] complaint, if proven at trial, would have entitled her to recovery against [Founding Footsteps]?

2. Whether the court erred in granting judgment on the pleadings in favor of [Founding Footsteps] insofar as [Founding Footsteps'] right to judgment on the pleadings was not free and clear from doubt?

3. Whether the court erred in denying [Rees-Jones's] motion for reconsideration for the same reasons?

Rees-Jones's Brief at 7 (capitalization standardized).

Our standard of review or appeals from orders granting motions for judgment on the pleadings is as follows:

> [O]ur standard of review is *de novo* and our scope of review is plenary. Judgment on the pleadings should be granted where there are no disputed issues of material fact, and the defendant is entitled to judgment as a matter of law.  **See** [, **e.g.**,] Pa.R.Civ.P. 1034.   All well-pleaded allegations in the plaintiff's operative complaint are accepted as true.

***SpiriTrust Lutheran v. Wagman Constr., Inc.***, 314 A.3d 894, 904 (Pa. Super. 2024) (some internal citations omitted).

Pursuant to Pa.R.Civ.P 1034(a), a party may move for judgment on the pleadings after the relevant pleadings are closed.  Our review of judgment on the pleadings is as follows:

> A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.   Thus, in reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings [that] should properly go to the jury.  An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits.  Neither party can be deemed to have admitted either conclusions of law or unjustified interferences.  Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them.  [The court] may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

***Chris Eldredge Containers, LLC v. Crum & Foster Specialty Insurance Company***, 335 A.3d 1216, 1219-20 (Pa. Super. 2025) (citation omitted).

In all three of her issues, Rees-Jones argues the trial court erred in granting Founding Footsteps' motion for judgment on the pleadings. Rees-Jones further asserts the court erred in concluding that the alleged hazard was not "obviously perilous as a matter of law," thereby holding that Rees-Jones did not allege a legally cognizable breach of duty for a negligence claim.[2] **See** Rees-Jones's Brief, *passim*.

The trial court considered Rees-Jones's issues and concluded they merit no relief:

> Judgment on the pleadings in favor of Founding Footsteps is appropriate in this matter based on the hazard that [Reese-Jones] alleges she faced when alighting from the trolley owned by Founding Footsteps. . ..
>
> * * * * *
>
> [T]here are circumstances that would subject a common carrier to liability based on where the carrier stops for its passengers to disembark. Here, however, according to the complaint, the circumstances are not so extraordinary. Instead, the trial court correctly refrained from requiring Founding Footsteps to "anticipate every uneven surface or defect in the highway, or along the side thereof" as its passengers alighted. Nor are any of Founding Footsteps' other enumerated alleged failings viable bases for a negligence claim. Founding Footsteps would not be in breach of a duty to [Rees-Jones] if the trolley did, for example, lack lighting to "illuminate the ground where passengers embark and disembark["] (as opposed to rear lights, turn indicators, etc., required under 75 Pa. C.S.A. § 4303), or someone on board did not inspect the ground first before passengers alighted . . .. As discussed in [Founding Footsteps'] opposition to plaintiff's motion for reconsideration, Pennsylvania's Motor Vehicle Code and caselaw do not impose these requirements on common carriers, and nothing in the complaint suggests that [Founding

---

[2] Because all three presented issues are interrelated, we will address them together.

Footsteps'] actions constituted any other breach of duty to [Rees-Jones] under these circumstances.

Trial Court Opinion, 2/18/25, at 3-5 (footnotes, citations to the record, and unnecessary capitalization omitted).

Upon review of the record, we find the trial court did not commit an error of law and we agree with the trial court that Rees-Jones does not allege a legally cognizable breach of duty against Founding Footsteps, a common carrier with limited duty. The law is well settled that a common carrier, including those for contract, owe a duty to its passengers not only to exercise the highest degree of care and diligence in carrying them to their destination, but also must exercise reasonable diligence to give passengers a safe place to alight and pass out of danger. **See Hoffman v. Philadelphia Transp. Co.**, 85 A.2d 144, 145 (Pa. 1952) (holding bus company had no duty to avoid every defect in public highway and there was no evidence supporting bus operator was aware of hole which plaintiff fell into). **See also Knoud v. Galante**, 696 A.2d 854, 856 (Pa. Super. 1997) (citation omitted) (holding a bus company did not have a continuing duty of care to adult intoxicated passengers after they have alighted at a predetermined destination, and declaring a carrier's duty ends when the passenger has had "a reasonable opportunity to alight and pass out of danger"). **Compare Stevens v. Reading St. Ry. Co.**, 121 A.2d 128, 131 (Pa. 1956) (stating bus company may be liable for injury if bus operator knew about a hole directly in its regular stop which plaintiff stepped into when alighting).

Operators of common carriers are not liable for injuries caused by unknown hazards in the surrounding pavement. *See Hoffman*, 85 A.2d at 145. Further, operators of common carriers have no duty "to anticipate every uneven surface or defect in the highway proper or along the side thereof [] and stop so as to avoid *any remote possibility* of an alighting passenger's sustaining injury by slipping on an uneven surface or stepping in a depression not in itself an obviously dangerous place." *Carroll v. City of Pittsburgh*, 84 A.2d 505, 508 (Pa. 1951) (emphasis added). *Carroll* additionally recognized that a common carrier discharges its passengers at places over which it does not have exclusive control. *Id*. at 507. It is the municipality, not a transportation company, that is responsible if holes or defects exist in the public highway; liability of the transportation company for injuries from resulting accidents is strictly limited. *See id*.

Rees-Jones contends *Carroll* does not apply in this case because *Carroll* involved "fixed, pre-determined stops," unlike the present case, where Founding Footsteps stopped at different restaurants in Philadelphia. *See* Plaintiff's Motion for Reconsideration at 8. Although a common carrier owes a duty to disembarking passengers at irregular stops to avoid exposing passengers to dangers it knows, or should know, about, *See Coyne v. Pittsburgh Rys. Co.*, 141 A.2d 830, 834 (Pa. 1958), our Supreme Court has made clear that discharging passengers at an unusual stop does not

automatically prove negligence; liability may arise only if the stop is manifestly dangerous. **See Harris v. DeFelice**, 109 A.2d 174, 176 (Pa. 1954).[3]

Rees-Jones failed to demonstrate that the stop was "manifestly dangerous." **See id**. While Rees-Jones argues that the area was poorly lit, and the drainage/sewer grate was several inches lower than the walking surface where the accident took place, she did not allege the grate was broken or uncovered or there existed a barricade, trench, excavation, mound of earth, or other extraordinary hazardous condition that *has* been recognized in Pennsylvania caselaw as manifestly dangerous. **See supra** n.2. The trial court correctly concluded that Pennsylvania law has not recognized this alleged hazard as an obviously perilous point. Absent any "obviously perilous point" or a "manifestly dangerous place," the alleged poor lighting is a separate premises liability issue that does not extend to Founding Footsteps. As Rees-Jones herself admitted, the city of Philadelphia owned, operated, managed, maintained and used the street in question. **See** Rees-Jones's Complaint at 3.

Rees-Jones further alleged Founding Footsteps failed "to have appropriate lighting on the trolley in order to illuminate the ground where passengers embark and disembark," failed to inspect the ground before the

---

[3] In **Carroll**, the court noted that dangers creating such liability include "obvious dangers" or "manifestly dangerous" areas such as barricades, trenches, excavations, mounds of earth or other extraordinarily hazardous conditions. **Carroll**, 84 A.2d at 441.

passengers alighted, and did not assist passengers off the trolley. Plaintiff's Complaint at 5-6. This Commonwealth, however, does not recognize such a duty for the operator of a common carrier. *See Harris*, 109 A.2d at 176 (holding there was no liability for common carrier when passenger was discharged at location that was not manifestly dangerous, even though area was extremely dark and stormy); *Schickel v. Yellow Cab Co. of Philadelphia*, 85 A.2d 138, 138 (Pa. 1952) (holding absent clear physical or mental incapacitation or request for assistance of passenger, driver is under no duty to assist passengers in alighting); *Carroll*, 84 A.2d at 507 (Pa. Super. 1933) (noting common carriers have no duty to observe the condition of streets over which their cars travel). Therefore, the trial court correctly concluded that Founding Footsteps did not breach a duty owed to Rees-Jones.

Following our review, we discern no error of law by the trial court. Even if all allegations in Rees-Jones's complaint are taken to be true, Rees-Jones did not allege a legally cognizable breach of duty.

Accordingly, we affirm the order granting Founding Footsteps' motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/5/2025</u>